**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2696
_____

ANDRE HUGH SAUNDERS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A062-176-942)
Immigration Judge: Emily Farrar-Crockett
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2022
Before: GREENAWAY, Jr., PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 24, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre Saunders, proceeding pro se, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons stated below, we will grant Saunders' petition.

I.

Saunders is a native citizen of Jamaica who was admitted to the United Stated as a lawful permanent resident in 2012. She was later convicted in federal court of mail fraud in violation of 18 U.S.C. § 1341 and sentenced to 78 months' incarceration. Based on that conviction, the Department of Homeland Security charged Saunders with being removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(M), and a crime involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(i). Saunders, proceeding pro se, appeared before the Immigration Judge ("IJ'), admitted the allegations in the notice to appear, and conceded the charges of removability. She applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT"), contending that she would be harmed if removed because she is a transgender woman and member of the LGBTQI community.

Following a hearing, the IJ concluded that Saunders was ineligible for asylum and withholding of removal because of her criminal conviction and found that Saunders' testimony regarding past harms she suffered in Jamaica was not credible, though the IJ credited Saunders' testimony that she is transgender and a member of the LGBTQI

community.  The IJ denied Saunders' request for deferral of removal under CAT, reasoning that Saunders failed to show that it was more likely than not that she would be tortured by or with the acquiescence of the Jamaican government if she returned to Jamaica.  Saunders appealed, challenging the IJ's credibility determination and denial of relief under CAT.  Without reaching the issue of credibility, the BIA affirmed the IJ's decision based on its analysis of Saunders' CAT claim.  Saunders filed a timely petition for review.

## II.

We have jurisdiction over Saunders' petition pursuant to 8 U.S.C. § 1252(a)(1). We review legal conclusions de novo, Singh v. Att'y Gen., 677 F.3d 503, 508 (3d Cir. 2012), and we review the agency's findings of fact in this context under the substantial-evidence standard pursuant to which such findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020) (citation and internal quotation marks omitted).  Because Saunders appears pro se before the Court as an immigration petitioner, the need to construe her claims broadly is "accentuate[d]." See Higgs v. Att'y Gen., 655 F.3d 333, 340 (3d Cir. 2011).

## III.

To obtain CAT relief, Saunders was required to demonstrate that, if removed, she would more likely than not likely be tortured "by, or at the instigation of, or with the

3

consent or acquiescence of" a Jamaican public official. See 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). That demonstration must rely on objective evidence. See Kamara v. Att'y Gen., 420 F.3d 202, 213 (3d Cir. 2005). In analyzing Saunders' claim, the BIA and IJ were to use the two-pronged inquiry set forth in Myrie v. Attorney General, 855 F.3d 509, 516 (3d Cir. 2017), which requires that the agency determine: (1) "whether an applicant has met the burden of establishing that it is more likely than not [that she] would be tortured if removed"; and (2) "whether public officials will acquiesce in the likely treatment." See Quinteros v. Att'y Gen., 945 F.3d 772, 786 (3d Cir. 2019) (citation and internal quotations omitted).

We agree with Saunders that the BIA erred in analyzing her CAT claim. The BIA noted, without elaboration, that the IJ determined that past incidents described by Saunders did not rise to the level of torture. However, neither the BIA nor the IJ addressed, in analyzing the CAT claim, Saunders' testimony that she was beaten, raped, and verbally harassed by civilians in Jamaica, that the police failed to protect Saunders and at times beat and verbally harassed her themselves, and that she will be particularly vulnerable to similar attacks upon returning to Jamaica because she will be identifiable as a transgender woman and will likely be homeless. We agree with Saunders that, contrary to the BIA's suggestion that the IJ's credibility determination was alternative to and distinct from its CAT analysis, the IJ appeared to discount much of Saunders' testimony based on its adverse credibility finding. Because the BIA expressly declined to address

4

the issue of Saunders' credibility and did not otherwise discuss the testimony at issue, we are unable to determine whether the agency would have concluded that the incidents described by Saunders rose to the level of torture or how they may have influenced its analysis of whether she showed a likelihood of future torture. See Kang v. Att'y Gen., 611 F.3d 157, 164 (3d Cir. 2010) (noting that "[t]he BIA may not ignore evidence in the record that favors the petitioner," and that whether the legal definition of torture has been satisfied is a question of law that the BIA must review de novo); see also 8 C.F.R. § 1208.16(c)(3)(i) (listing evidence of past torture as relevant to the possibility of future torture).[1]  Thus, we will remand to the BIA for further analysis on this issue.[2]

Moreover, although the agency pointed to a general improvement in country conditions regarding LGBTQI issues, we can discern from neither the BIA nor the IJ's opinion "a decision about how public officials would likely respond to the treatment that

---

[1] We do not hypothesize how this case would come out had the BIA deferred to the IJ's credibility determination for the purposes of ruling on Saunders' CAT claim. We review only what the agency did or did not do, not what it might have done. See Dia v. Ashcroft, 353 F.3d 228, 241 (3d Cir. 2003) (en banc). For that reason, we also decline to address Saunders' argument that the IJ erred in making its adverse credibility finding. See Li v. Att'y Gen., 400 F.3d 157, 163 (3d Cir. 2005).

[2] We also note that though the BIA reasoned that Saunders' visits to Jamaica after she became a permanent resident in the United States undercut her claim that she feared torture, Saunders' subjective fears have no bearing on her entitlement to relief under CAT. See Kamara, 420 F.3d at 213. The relevant analysis rather requires asking, as an objective matter, "(1) what is likely to happen to the [applicant] if removed and (2) whether what is likely to happen amounts to torture." Guzman Orellana v. Att'y Gen., 956 F.3d 171, 181 (3d Cir. 2020).

[Saunders] feared"—specifically, violent attacks perpetrated by citizens and—at times— police. Quinteros, 945 F.3d at 788. And even accepting that Jamaica is making progress in addressing LGBTQI issues, the agency failed to consider whether "the government . . . is capable of *preventing* the harm [Saunders] would likely face." Id. (emphasis added). This likewise requires a remand. Id.

## IV.

For the reasons given above, we will grant the petition for review, vacate the BIA's removal order, and remand for proceedings consistent with this opinion.